Industrial Trust Co.
vs.                     No. 90006.
Harold D. Feuer

October 19, 1934.

CAPOTOSTO, J. The plaintiff sued the defendant on his endorsement of a promissory note for $8000. The defense claims that the endorsement was conditional and not absolute. The jury returned a verdict for the plaintiff in the sum of $10,582.55. The defendant moves for a new trial on the usual grounds. In addition he makes the general claim of an unfair trial by reason of the make-up of the jury and of the inflammatory nature of the argument to the jury by counsel for the bank. There was also considerable criticism by the defendant of the ethics disclosed by the bank and its attorney from the inception of the case.

The $8000 note in question was given to the Industrial Trust Company by Guilfoyle & Co., Inc., to cover the balance of a considerable indebtedness. It was endorsed by its treasurer, James A. Guilfoyle, and the defendant, Harold D. Feuer. The plaintiff's testimony is to the effect that Feuer's endorsement was freely given and unconditional. The defendant claims that his endorsement was given upon the express condition that one Aime E. Bonin, a Woonsocket Manufacturer, should be a co-endorser and that no liability should attach to him, Feuer, unless Bonin's endorsement was in fact secured.

The ramifications of the testimony are too many and varied to summarize. Suffice it to say that every detail was minutely inquired into with the usual plethora of assertions, denials, explanations, evasions, lapses of memory, and veiled if not open charges of untruth and insincerity. There is no question that Frederic W. Rounds, the Woonsocket representative of the plaintiff bank, and the defendant Feuer were vitally interested, both from a personal and financial point of view. The other defendant, James A. Guilfoyle, against whom a verdict was directed by this Court, was in a position of safety for apparently he had nothing to lose. In view of the doubtful sincerity of his testimony, evidenced by both its quality and presentation, perhaps the best that can be said for him is that he tried to correct in appearance a chain of circumstances which he had set in motion to the ultimate damage of a generous friend. Sad to say, the evidence tends to show that Feuer was sacrificed by

the very man whom he had so often assisted.

Even if one, with considerable justification, decides to give equal weight to the testimony of Rounds and Feuer, one cannot escape the sharp contrast as to credibility between the evidence of Bonin and Guilfoyle. The positive and unimpeached testimony of Bonin is opposed by the transparent words of Guilfoyle. There is no choice as to whom one will believe.

The negotiable instrument in question is clear and unqualified. Under such circumstances, the defense of a contingent obligation must be established by a fair preponderance of the credible testimony in the case. Taking all the facts into consideration, the Court, after serious reflection, regrets the unfortunate predicament in which Feuer finds himself, but cannot say that his defense is sufficiently supported by the weight of the real evidence to justify the Court's interference in his behalf.

With reference to the general complaints regarding the make-up of the jury, the type of argument advanced to the jury by counsel for the plaintiff, and the ethics of conduct of both the bank and its attorney from the very beginning of the case, the Court feels that there was no violation of any legal right of the defendant Feuer. That there was considerable feeling between the parties was quite evident. The respective attorneys lost no opportunity to express what each thought of his opponent's case and inferentially of each other in rather plain language before the jury. It is quite beyond our duty to set up a code of ethics for either litigant or counsel in any particular case; much less is it within our province to create a legal right in favor of any party through the application of any personal reaction or standard. What each attorney then thought or now thinks of either the opposing party or counsel must of necessity remain a private matter, which the Court is powerless to change however much it may regret its existence.

Motion for new trial denied.

For plaintiffs: Huddy & Moulton, John R. Higgins, Sidney Silverstein.

For defendant: Curran, Hart, Gainer & Carr, William G. Troy.